

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SYLVIA OLIVER,

               Plaintiff,

        -against-

NEW YORK CITY HOUSING AUTHORITY; JOHN
B. RHEA, as Chairman, in his official capacity;
ANDREW KORBUL, as employee for the New York
City Housing Authority, in his individual and official
capacity; DAVID PATERSON, in his official capacity;
MICHAEL BLOOMBERG, in his official capacity;
HON. FERN FISHER, in her official capacity;
THERESA PICKNEY, in her individual and official
capacity; HON JUDGE HENRY STANLEY; and
PAMELA WOOLBRIGHT, in her individual and
official capacity,

               Defendants.

-------------------------------------------------------------------x

10-CV-3204 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM & ORDER

ROSS, United States District Judge.

      Plaintiff Sylvia Oliver filed this *pro se* complaint on July 9, 2010 against the New York

City Housing Authority (hereinafter "NYCHA") and several city and state officials. Plaintiff's

request to proceed *in forma pauperis* is granted for the purpose of this Order, but the complaint is

dismissed, with leave to submit an amended complaint within 30 days of the date of this Order.

Plaintiff's motions for recusal and for the appointment of counsel are both denied.

## BACKGROUND

      Plaintiff alleges that she has occupied an apartment operated by NYCHA at 2364

Batchelder Street in Brooklyn since at least 1988. (Complaint at 3.)[1] Plaintiff alleges that

---

[1] As the original copy of the Complaint does not include page numbers, the Court refers
to the pages assigned by the Electronic Case Filing System. The exhibits also are not labeled.

defendants began harassing her in 1988, unfairly raised her rent several times, and made several attempts to evict her from the apartment. Although the complaint is unclear in its dates or specific allegations, it appears that some eviction proceedings were based on non-payment of rent, while other proceedings alleged illegal subletting. (See Complaint at 3, 7; Exhibit E, Undated Specification of Charges citing assignment without permission, non-verifiable income, and breach of rules and regulations; Exhibit N, May 27, 2008 letter from NYCHA indicating rent arrears of $2302 for 8 months.) Plaintiff alleges that defendants have made several attempts to physically evict her from the apartment and that she received marshals' warrants dated August 11, 2006; January 9, 2007; May 21, 2009, July, 2009; and October 28, 2009. (Complaint at 5; see also Exhibit M, Notice of Eviction dated Nov. 5, 2009; Exhibit R, Notice of Eviction dated July 25, 2007; Exhibit T, 30 Day Notice to Vacate, dated Jan. 20, 2010.) On at least two occasions, scheduled evictions were postponed when plaintiff became ill. (Complaint at 8.)

Although the dates and other facts are not clearly set out in the complaint, it appears that a physical eviction actually occurred on December 4, 2009, at a time when plaintiff was not in the apartment. "On 12/409 [sic] Marshal Justin Grossman conducted an illegal eviction while plaintiff was in N.C. trying to obtain a living area previously occupied by her late spouse." (Complaint at 4.) "Defendants failed to prevent the execution of an illegal eviction, invaded the premises while Terquan Oliver a 20 yr old college student did not receive a 72 hr eviction notice not allowing him to get my emergency high blood pressure pills or other valuables" [sic]. (Complaint at 5.) "Plaintiff incurred a great amount of expenses because of the moving company is located in Bronx N Y[;] had a 72 eviction notice been served plaintiff could have retrevied her

---

The Court assigns each exhibit a letter label, from A-Z and AA-II, and refers to those.

belonging" [*sic*]. (Complaint at 4.). It appears that plaintiff was restored to possession of the apartment on January 25, 2010. (Complaint at 5.)

Plaintiff further alleges that defendants failed to maintain the residence in proper condition and caused damage to her food and property. (Id.)

Plaintiff also alleges violations of the Americans with Disabilities Act. (Complaint at 9.) She alleges that she "has over 55 disabilities" and that defendants are aware of her disabilities. (Id.) Plaintiff was assigned a guardian *ad litem* in a state court proceeding some time prior to July 24, 2009. (Id.; Exhibit B, page 80 of unidentified and undated transcript; Exhibit V, letter dated July 24, 2009 from Glenn A. Jawitz, Esq. to Marshal Katz.)

Plaintiff names NYCHA and its chairman and an employee, the mayor of New York City and the governor of New York State, two state court judges, and two other city officials as defendants in this action. However, most of the allegations in the complaint are directed against "defendants," without clearly identifying individual defendants and the roles that they played. Judge Stanley is named in connection with his rulings in a prior state case. (Complaint at 3, 8.) "The Hon Judge Fern Fisher was notified concerning the miscondut [*sic*] of Judge Stanley several times including the attempt in 2007." (Complaint at 3; see also Complaint at 5.) NYCHA employee Andrew Korbul is alleged to have accompanied marshals to the December 4, 2009 eviction and to have served a notice to quit "on 4/10." (Complaint at 3, 4-5.) Plaintiff alleges that Teresa Pickney and Pamela Woolbright were notified of the illegal eviction proceedings but failed to monitor and investigate the marshals. (Complaint at 4, 5, 9.) The remaining defendants are not mentioned in the body of the complaint.

Plaintiff has filed previous cases naming some of the same defendants and raising many

3

of the same claims. In <u>Oliver v. NYCHA</u>, No. 07-CV-3516 (ARR), plaintiff alleged that the housing authority commenced eviction proceedings against her, failed to properly repair conditions in her apartment, and improperly made adjustments to her rent and lease. This Court dismissed the complaint with leave to replead. <u>Oliver v. NYCHA</u>, No. 07-CV-3516 (ARR), slip op. (E.D.N.Y. Nov. 14, 2007). Plaintiff did not file an amended complaint, and the case was dismissed. <u>Id.</u>, slip op. (E.D.N.Y. Dec. 21, 2007). In <u>Oliver v. Bloomberg, et al.</u>, No. 07-CV-3518 (ARR), plaintiff sued several New York City officials in connection with marshal Norman Katz's attempts to serve her with notices of eviction. That case was dismissed, plaintiff appealed, and the appeal, too, was dismissed. <u>Oliver v. Bloomberg, et al.</u>, No. 07-CV-3518 (ARR), slip op. (E.D.N.Y. Nov. 15, 2007), <u>appeal</u> <u>dismissed</u>, No. 07-5749-CV, slip op. (2d Cir. Mar. 6, 2008).

In the instant case, plaintiff seeks a declaratory judgment that defendants have violated her constitutional rights; injunctive relief prohibiting defendants from "any other unlawful behavior [in] violation of plaintiff['s] rights;" and court costs, attorneys fees, expenses and reimbursements to be determined by the court. (Complaint at 9.)

## DISCUSSION

### A.  Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. <u>See</u> <u>Cuoco v.</u>

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A plaintiff seeking to bring a lawsuit in federal court also must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

**B.  Judicial Immunity**

Plaintiff's claims against Judge Stanley must be dismissed because judges have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or

malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). Moreover, the Federal Courts Improvement Act of 1996 extends judicial immunity to most actions seeking prospective injunctive relief. This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Plaintiff's only claims against Judge Stanley appear to involve his rulings in the 2007 housing court proceeding. Accordingly, the claims against him are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Judge Fern Fisher is named only in her administrative capacity. See Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005)("A judge is not protected under the doctrine of judicial immunity . . . if the action in question is not judicial in nature, as when the judge performs an administrative, legislative, or executive act."); Mangiafico v. Blumenthal, 471 F.3d 391, 394 (2d Cir. 2006) ("[T]he critical inquiry is not the official position of the person seeking absolute immunity, but the specific action for which that person seeks immunity.") However, the only claim against her is that she failed to take any action against Judge Stanley after she was notified of Judge Stanley's alleged misconduct in his judicial proceedings. This allegation fails to state a claim for violation of plaintiff's civil rights. Accordingly, the claims against Judge Fisher are also dismissed.

## C. Eviction Proceedings

Federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters. See e.g. Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction

6

over state residential landlord-tenant matters."); United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding that tenant was not entitled to remove housing court action to federal court). The fact that the landlord-tenant dispute concerns a city agency receiving federal funding does not transform this matter into a federal case. See Evans v. Sentry Property Mgmt. Corp., 852 F. Supp. 71, 72 (D. Mass. 1994) ("It would be dangerous precedent to hold that federal funding alone can transform that which is strictly a state cause of action into a federal case."). Accordingly, to the extent that plaintiff seeks damages arising from the state court eviction proceedings, she fails to state a claim for relief in federal court.

However, plaintiff may be able to assert a due process claim under 42 U.S.C. § 1983 for the December 4, 2009 incident in which her belongings were removed from the apartment, pursuant to an order of eviction, but allegedly without the 72-hour notice required by state law. See, e.g., Escalera v. New York City Housing Authority, 425 F.2d 853, 861 (2d Cir. 1970)("The government cannot deprive a private citizen of his continued tenancy, without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege."); Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)(Procedural due process protects property rights created by state law); Thomas v. Cohen, 304 F.3d 563, 576-80 (6th Cir. 2002) (holding that a summary eviction in violation of the state's procedural requirements violated the tenant's due process rights). In light of her *pro se* status, plaintiff is given leave to amend her complaint to assert a due process claim against the individual defendants responsible for the alleged violation.

**D. Disability Claims**

Plaintiff's allegations that she is disabled and that defendants knew of her disabilities could suggest a claim that may be cognizable under Title VIII of the Civil Rights Act of 1968,

7

also known as the federal Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("FHA"); or Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section 504"). Both of these provisions provide protections from discrimination on the basis of disability. However, in order to show a violation of Section 504 or the FHA, a plaintiff must show that she has been denied benefits or been treated differently solely on the basis of her disability status. The Complaint as drafted fails to allege that the defendants discriminated against plaintiff on the basis of her disabilities. In light of plaintiff's *pro se* status, however, the Court grants leave to amend the complaint to state a claim under the FHA or the Rehabilitation Act.

## E. Plaintiff's Additional Motions

On July 26, 2010, Plaintiff filed an application for the appointment of *pro bono* counsel on the ground that "Plaintiff is disabled with congestive heart failure." (Application for Appt. of Counsel.) The Court finds that she has not established the threshold requirement that her claims are "likely to be of substance" at this juncture. See Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003). Accordingly, plaintiff's request for *pro bono* counsel is denied at this time, without prejudice to renewal at a later date.

Also on July 26, 2010, plaintiff filed a letter addressed to Chief Judge Raymond J. Dearie seeking the recusal of the undersigned and reassignment of this case to another judge. The Court construes this letter as a motion for recusal. A judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a)). "Where [s]he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," recusal is also appropriate. 28 U.S.C. § 455(b)(1). The purpose of the recusal statute is to maintain the public's trust in the impartiality of the judiciary.

8

The Second Circuit has interpreted 28 U.S.C. § 455 "as asking whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts would question the judge's impartiality." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003)(quotation marks and citations omitted). An unsuccessful litigant's displeasure with a judge's rulings is not grounds for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994)("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.")

Plaintiff does not question the Court's impartiality or identify any other valid basis for recusal. Her only stated grounds for recusal are that the undersigned "has in the past ruled on 4 cases in which she passed judgment . . . as if I was on trial," and that plaintiff's prior cases were dismissed. (Letter to Judge Dearie dated July 26, 2010, Docket Entry #4.) As these are not proper bases for recusal, the motion for recusal is denied.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's motions for the appointment of *pro bono* counsel and the recusal of the undersigned are both denied. As plaintiff has failed to establish the Court's jurisdiction over her claims or to state a claim on which relief may be granted, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in light of plaintiff's *pro se* status, the Court grants leave to amend the complaint as directed by this Order, within 30 days from the date of this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed,

judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: October 21, 2010
      Brooklyn, New York

SERVICE LIST:

Plaintiff:
Sylvia Oliver
2364 Batchelder Street, 4C
Brooklyn, NY 11229

Defendants:
Via ECF