UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SYLVIA OLIVER,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY; JOHN B. RHEA, as Chairman, in his official capacity; ANDREW KORBUL, as employee for the New York City Housing Authority, in his individual and official capacity; THERESA PICKNEY, as employee for the Department of Investigations, in her individual and official capacity; PAMELA WOOLBRIGHT, as employee for the Department of Investigations, in her individual and official capacity, MICHAEL BLOOMBERG, Mayor of New York City, in his official capacity;

                Defendants.
-----------------------------------------------------------------x

10-CV-3204 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

MEMORANDUM & ORDER

ROSS, United States District Judge.

      Plaintiff Sylvia Oliver filed the above-captioned *pro se* action on July 9, 2010 against the New York City Housing Authority (hereinafter "NYCHA") and several city and state officials. By Order dated October 21, 2010, the court granted her request to proceed *in forma pauperis* and dismissed the complaint, with leave to replead. Plaintiff filed an amended complaint on January 7, 2011; however, the amended complaint fails to cure the deficiencies in the original complaint and is hereby dismissed.

## BACKGROUND

      Plaintiff has occupied an apartment operated by NYCHA at 2364 Batchelder Street in Brooklyn since at least 1988. (Compl. at 3.) Plaintiff filed two prior cases related to earlier disputes with NYCHA. See Oliver v. NYCHA, No. 07-CV-3516 (ARR), slip op. (E.D.N.Y.

Dec. 21, 2007)(dismissing the complaint); Oliver v. Bloomberg, et al., No. 07-CV-3518 (ARR), slip op. (E.D.N.Y. Nov. 15, 2007)(dismissing the complaint), appeal dismissed, No. 07-CV-5749, slip op. (2d Cir. Mar. 6, 2008). In the initial complaint filed in the instant action, plaintiff alleged a series of conflicts with NYCHA employees regarding disputes over rent raises and arrears, conditions in the rental unit, and family members' occupancy in the residence.[1] She alleged that defendants made several attempts to evict her from the apartment following housing court proceedings. (Compl. at 5; see also Ex. M, Notice of Eviction dated Nov. 5, 2009; Ex. R, Notice of Eviction dated July 25, 2007; Ex. T, 30 Day Notice to Vacate, dated Jan. 20, 2010.) On May 21, 2009 and November 17, 2009, scheduled evictions were postponed when plaintiff became ill. (Compl. at 8; Amend. Compl. at 3.)

Plaintiff further alleged that she is disabled and that defendants' actions violated the Americans with Disabilities Act. (Compl. at 6-7, 9.) Plaintiff was assigned a guardian *ad litem* in a state court proceeding some time prior to July 24, 2009. (Id.; Ex. B, page 80 of unidentified and undated transcript; Ex. V, letter dated July 24, 2009 from Glenn A. Jawitz, Esq. to Marshal Katz.)

The original complaint in the instant case sought a declaratory judgment that defendants have violated her constitutional rights; injunctive relief prohibiting defendants from "any other unlawful behavior [in] violation of plaintiff['s] rights;" and court costs, attorneys fees, expenses and reimbursements to be determined by the court. (Compl. at 9.)

---

[1] As the original complaint did not include page numbers, the court refers to the pages assigned by the Electronic Case Filing System. The exhibits attached to the original complaint also were not labeled, so the court assigned each exhibit a letter label, from A-Z and AA-II, and refers to those. The amended complaint and its exhibits were consecutively paginated and labeled.

2

In its October 21, 2010 Order, the court granted leave to proceed *in forma pauperis*, denied plaintiff's request for recusal of the undersigned and for the appointment of counsel, and dismissed the original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. In light of plaintiff's *pro se* status, the court granted her leave to amend the complaint to assert any potential claims alleging due process violations related to the December eviction or alleging discrimination on the basis of her disability. After seeking and receiving an extension of time to file, plaintiff filed an amended complaint on January 7, 2011. Plaintiff also renews her motion for the appointment of counsel.

The amended complaint alleges a series of actions by unspecified defendants. Like the original complaint, it fails to set out a coherent and consecutive recitation of facts. A close reading of the original and amended complaints and attached documents leads the court to understand that plaintiff's tenancy was terminated in a housing court proceeding on October 23, 2009.[2] (Amend. Compl. at 3; Ex. 1, 18-19.) The Civil Court of the City of New York issued a Warrant of Eviction dated October 28, 2009. (Amend. Compl. Ex. 17.) City Marshal Justin Grossman issued a Notice of Eviction, Docket No. 1488 in Index No. 27696/07, dated November 5, 2009. (Amend. Compl. Exhibit 4.) A notation at the bottom of the notice states: "Formerly known as 72-hour notice." The document is addressed to the tenant and states: "YOU MAY BE EVICTED WITHOUT FURTHER NOTICE, ON <u>THE SIXTH BUSINESS</u> DAY AFTER THE DATE OF THIS NOTICE or on any business day thereafter." (Id.) It appears that the marshal

---

[2] The hearing decision by Hearing Officer Arlene Ambert is dated "October 23, 2008." This is clearly an error, as the same document lists hearings on March 24, 2009, May 26, 2009, September 17, 2009 and October 21, 2009, and gives a Calendar date of 11/10/2009. (Amend. Compl. Exhibits 18-19.) The Determination of Status is dated 11/20/2009. (Amend. Compl. Exhibit 1.)

3

attempted to effect the physical eviction on November 17, 2009, but did not carry out the eviction because plaintiff "became ill again and the eviction was called off." (Compl. at 8; see also Amend. Compl. at 3.)) The marshal effected the eviction on December 4, 2009. (Amend. Compl. at 4; Ex. 13, Notice of Marshal's Legal Possession.) Plaintiff's grandson, Terquan Oliver, was on the premises at the time and was physically evicted from the apartment. (Compl. at 5; Amend. Compl. at 5.) Plaintiff alleges that the December 4, 2009 eviction was illegal because she was not served with a 72-hour notice of eviction. (Compl. at 4; Amend. Compl. at 3-4.)

At a subsequent hearing, Housing Court Judge Maria Milin ordered that plaintiff could be restored to possession if she paid $10,349.37 in rent arrears and expenses. (Amend. Compl., Ex. 3, Ex. 24 (duplicate).) Plaintiff paid the full amount on January 15, 2010. (Amend. Compl., Exhibit 9.) She alleges that she was restored to possession of the apartment on January 21 or 25, 2010. (Compl. at 5; Amend. Compl. at 4; Exhibit 3.) Plaintiff alleges that she incurred significant expenses in storing and moving her belongings during this period. (Compl. at 4; Amend. Compl. at 4.).

## DISCUSSION

### A. Standard of Review

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v.

4

Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  However, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A plaintiff seeking to bring a lawsuit in federal court also must establish that the court has subject matter jurisdiction over the action.  See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed."  Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).  Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.  In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

## B. No Due Process Claim

As the court previously explained, federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters.  However, tenants in public housing cannot be deprived of continued tenancy without the due process of law.  See, e.g., Escalera v. N.Y. City Hous. Auth., 425 F.2d 853, 861 (2d Cir. 1970)("The government cannot deprive a

5

private citizen of his continued tenancy, without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege."); Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)(procedural due process protects property rights created by state law); Thomas v. Cohen, 304 F.3d 563, 576-80 (6th Cir. 2002) (a summary eviction in violation of the state's procedural requirements violated the tenant's due process rights). Accordingly, in its previous Order in this case, the court afforded plaintiff an opportunity to assert a due process claim under 42 U.S.C. § 1983.

Plaintiff's amended complaint renews her argument that the December 4, 2009 eviction was unlawful because it was not preceded by the 72-hour notice required by state law. However, the evidence she submits does not support her claims. In addition to the documents notifying her that her tenancy was terminated, plaintiff attaches copies of a Warrant of Eviction dated October 28, 2009 and a Marshal's Notice of Eviction, signed by Marshal Justin Grossman and dated November 5, 2009. The Notice of Eviction states that it was formerly known as a "72-hour notice." It clearly states that the eviction may occur on the sixth business day after the date of the notice and "on any business day thereafter." However, such notices become "stale" after 30 days have passed since the earliest eviction date specified in the notice. (See New York City Marshals Handbook of Regulations, Chapter IV, Section 5-4, available at http://www.nyc.gov/html/doi/html/marshals/mar4.shtml#5s.)

In this case, the 30-day period under the November 5, 2009 Notice of Eviction commenced six days after the notice was posted. The 30-day period thus ran from November 11, 2009 and until December 11, 2009. Plaintiff does not contest the validity or service of this notice, nor does she allege that she sought or received a court order staying the eviction during

this period. The marshal's first attempt to enforce the warrant, on November 17, 2009, was interrupted by plaintiff's medical emergency. The second attempt, on December 4, 2009, was successful and was within the time allowed before the Notice of Eviction became stale. Accordingly, the court finds that plaintiff received all of the procedural protections that she was due. She therefore has no basis for a due process claim.

**C. Disability Claims**

The court has also considered whether plaintiff's allegations about her disabilities are sufficient to state a claim that may be cognizable under the federal Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("FHA"); or Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Rehabilitation Act"). Both of these provisions require a plaintiff to show that she has been denied benefits or been treated differently solely on the basis of her disability status. The complaint failed to allege that defendants discriminated against plaintiff on the basis of her disability status, and the amended complaint offers no new allegations that could cure this deficiency. Accordingly, the court finds that plaintiff has failed to state a claim under the FHA or the Rehabilitation Act.

## CONCLUSION

For the reasons stated above, the court finds that plaintiff has failed to state a claim on which relief may be granted; accordingly, the complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Plaintiff's renewed application for the appointment of *pro bono* counsel is denied as moot. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/
_____
ALLYNE R. ROSS
United States District Judge

Dated: March 2, 2011
 Brooklyn, New York